# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

CLIFTON GIBBS and
BROOKE WATERS,

Defendants.

No. 23- 35

REDACTED

SEALED  UNSEALED 5/10/23 |CJTC

## INDICTMENT

The Grand Jury for the District of Delaware Charges:

### COUNT ONE
(Sex Trafficking by Force, Fraud, or Coercion)

In or about and between April 2014 through March 2015, in the District of Delaware

and elsewhere, Defendants,

CLIFTON GIBBS and
BROOKE WATERS,

in and affecting interstate and foreign commerce, and aiding and abetting each other and

others known and unknown to the Grand Jury, knowingly recruited, enticed, harbored,

transported, provided, obtained, and maintained by any means, Victim 1, whose identity is

known to the Grand Jury, knowing and in reckless disregard of the fact that means of force,

threats of force, fraud, coercion, and any combination of such means would be used to

cause Victim 1 to engage in a commercial sex act; and attempted to do so, in violation of

Title 18, United States Code, Sections 1591(a)(1) and (b)(1), 1594(a), and 2.

Indictment, page 1



FILED
APR 13 2023
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## COUNT TWO
### (Sex Trafficking by Force, Fraud, or Coercion)

In or about June 2014, in the District of Delaware and elsewhere, Defendants,

### CLIFTON GIBBS and
### BROOKE WATERS,

in and affecting interstate and foreign commerce, and aiding and abetting each other and others known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, Victim 2, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause Victim 2 to engage in a commercial sex act; and attempted to do so, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), 1594(a), and 2.

## COUNT THREE
### (Sex Trafficking by Force, Fraud, or Coercion)

In or about and between June 2014 through October 2014, the District of Delaware and elsewhere, Defendants,

### CLIFTON GIBBS and
### BROOKE WATERS,

in and affecting interstate and foreign commerce, and aiding and abetting each other and others known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, Victim 3, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to

Indictment, page 2

cause Victim 3 to engage in a commercial sex act; and attempted to do so, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), 1594(a), and 2.

## COUNT FOUR
(Sex Trafficking by Force, Fraud, or Coercion)

In or about and between August 2014 through January 2016, in the District of Delaware and elsewhere, Defendants,

**CLIFTON GIBBS and
BROOKE WATERS,**

in and affecting interstate and foreign commerce, and aiding and abetting each other and others known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, Victim 4, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause Victim 4 to engage in a commercial sex act; and attempted to do so, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), 1594(a), and 2.

## COUNT FIVE
(Sex Trafficking by Force, Fraud, or Coercion)

In or about and between January 2015 through February 2015, in the District of Delaware and elsewhere, Defendants,

**CLIFTON GIBBS and
BROOKE WATERS,**

in and affecting interstate and foreign commerce, and aiding and abetting each other and others known and unknown to the Grand Jury, knowingly recruited, enticed, harbored,

Indictment, page 3

transported, provided, obtained, and maintained by any means, Victim 5, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause Victim 5 to engage in a commercial sex act; and attempted to do so, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), 1594(a), and 2.

## COUNT SIX
(Sex Trafficking by Force, Fraud, or Coercion)

In or about February 2015, in the District of Delaware and elsewhere, Defendants,

**CLIFTON GIBBS and
BROOKE WATERS,**

in and affecting interstate and foreign commerce, and aiding and abetting each other and others known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, Victim 6, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause Victim 6 to engage in a commercial sex act; and attempted to do so, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), 1594(a), and 2.

## COUNT SEVEN
(Sex Trafficking by Force, Fraud, or Coercion)

In or about November 2015, in the District of Delaware and elsewhere, Defendants,

**CLIFTON GIBBS and
BROOKE WATERS,**

Indictment, page 4

in and affecting interstate and foreign commerce, and aiding and abetting each other and others known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, Victim 7, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause Victim 7 to engage in a commercial sex act; and attempted to do so, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), 1594(a), and 2.

### COUNT EIGHT
(Sex Trafficking by Force, Fraud, or Coercion)

In or about and between July 2016 through June 2018, in the District of Delaware and elsewhere, Defendants,

CLIFTON GIBBS and
BROOKE WATERS,

in and affecting interstate and foreign commerce, and aiding and abetting each other and others known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, Victim 8, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause Victim 8 to engage in a commercial sex act; and attempted to do so, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), 1594(a), and 2.

Indictment, page 5

## COUNT NINE
### (Sex Trafficking by Force, Fraud, or Coercion)

In or about and between May 2020 through December 2020, in the District of Delaware and elsewhere, Defendants,

**CLIFTON GIBBS and**
**BROOKE WATERS,**

in and affecting interstate and foreign commerce, and aiding and abetting each other and others known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, Victim 9, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause Victim 9 to engage in a commercial sex act; and attempted to do so, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1), 1594(a), and 2.

## COUNT TEN
### (Forced Labor)

In or about and between July 2016 through June 2018, in the District of Delaware and elsewhere, Defendants

**CLIFTON GIBBS and**
**BROOKE WATERS,**

together and aiding and abetting each other, did knowingly provide and obtain the labor and services of Victim 8, whose identity is known to the Grand Jury, by: (a) threats of serious harm to Victim 8; and (b) means of a scheme, plan, and pattern intended to cause Victim 8 to believe that, if Victim 8 did not perform such labor or services, that Victim 8,

Indictment, page 6

or another person, would suffer serious harm; and attempted to do so, in violation of Title 18, United States Code, Sections 1589, 1594(a), and 2.

<u>COUNT ELEVEN</u>
(Forced Labor)

In or about and between October 2016 through December 2019, in the District of Delaware and elsewhere, Defendants

CLIFTON GIBBS and
BROOKE WATERS,

together and aiding and abetting each other, did knowingly provide and obtain the labor and services of Victim 10, whose identity is known to the Grand Jury, by: (a) threats of serious harm to Victim 10; and (b) means of a scheme, plan, and pattern intended to cause Victim 10 to believe that, if Victim 10 did not perform such labor or services, that Victim 10, or another person, would suffer serious harm; and attempted to do so, in violation of Title 18, United States Code, Sections 1589, 1594(a), and 2.

<u>COUNT TWELVE</u>
(Forced Labor)

In or about and between January 2018 through September 2018, in the District of Delaware and elsewhere, Defendants

CLIFTON GIBBS and
BROOKE WATERS,

together and aiding and abetting each other, did knowingly provide and obtain the labor and services of Victim 11, whose identity is known to the Grand Jury, by: (a) threats of serious harm to Victim 11; and (b) means of a scheme, plan, and pattern intended to cause

Indictment, page 7

Victim 11 to believe that, if Victim 11 did not perform such labor or services, that Victim 11, or another person, would suffer serious harm; and attempted to do so, in violation of Title 18, United States Code, Sections 1589, 1594(a), and 2.

## COUNT THIRTEEN
(Forced Labor)

In or about and between April 2018 through December 2020, in the District of Delaware and elsewhere, Defendants

CLIFTON GIBBS and
BROOKE WATERS,

together and aiding and abetting each other, did knowingly provide and obtain the labor and services of Victim 12, whose identity is known to the Grand Jury, by: (a) threats of serious harm to Victim 12; and (b) means of a scheme, plan, and pattern intended to cause Victim 12 to believe that, if Victim 12 did not perform such labor or services, that Victim 12, or another person, would suffer serious harm; and attempted to do so, in violation of Title 18, United States Code, Sections 1589, 1594(a), and 2.

## COUNT FOURTEEN
(Forced Labor)

In or about and between January 2020 through April 2020, in the District of Delaware and elsewhere, Defendants

CLIFTON GIBBS and
BROOKE WATERS,

together and aiding and abetting each other, did knowingly provide and obtain the labor and services of Victim 13, whose identity is known to the Grand Jury, by: (a) threats of

Indictment, page 8

serious harm to Victim 13; and (b) means of a scheme, plan, and pattern intended to cause Victim 13 to believe that, if Victim 13 did not perform such labor or services, that Victim 13, or another person, would suffer serious harm; and attempted to do so, in violation of Title 18, United States Code, Sections 1589, 1594(a), and 2.

## COUNT FIFTEEN
### (Forced Labor)

In or about and between May 2020 through December 2020, in the District of Delaware and elsewhere, Defendants

### CLIFTON GIBBS and
### BROOKE WATERS,

together and aiding and abetting each other, did knowingly provide and obtain the labor and services of Victim 9, whose identity is known to the Grand Jury, by: (a) threats of serious harm Victim 9; and (b) means of a scheme, plan, and pattern intended to cause Victim 9 to believe that, if Victim 9 did not perform such labor or services, that Victim 9, or another person, would suffer serious harm; and attempted to do so, in violation of Title 18, United States Code Sections 1589, 1594(a), and 2.

## COUNT SIXTEEN
### (Interstate Transportation for the Purposes of Prostitution)

On or about February 6, 2015, in the District of Delaware and elsewhere, Defendant,

### BROOKE WATERS,

did knowingly transport an individual in interstate commerce, that is Victims 5 and 6, from Delaware to Maryland, with the intent that such individual engage in prostitution, and in

Indictment, page 9

any sexual activity for which any person can be charged with a criminal offense; and attempted to do so, in violation of Title 18, United States Code, Section 2421(a).

## COUNT SEVENTEEN
### (Interstate Transportation for the Purposes of Prostitution)

On or about January 11, 2016, in the District of Delaware and elsewhere, Defendant,

### CLIFTON GIBBS,

did knowingly transport an individual in interstate commerce, that is Victim 4, from Delaware to Maryland, with the intent that such individual engage in prostitution, and in any sexual activity for which any person can be charged with a criminal offense; and attempted to do so, in violation of Title 18, United States Code, Section 2421(a).

## NOTICE OF FORFEITURE

The United States hereby gives notice to Defendants, CLIFTON GIBBS and BROOKE WATERS, that, upon their conviction of one or more of the offenses in violation of 18 U.S.C. §§ 1591, 1589, and 1594(a), as charged in Counts One through Fifteen, the United States will seek forfeiture in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 1594(d) and 28 U.S.C. § 2461(c), of:

(a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and

(b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, and any property traceable to such property.

Indictment, page 10

Such property includes, but is not limited to:

(a) The premises and real property with buildings, appurtenances, and improvements at **32287 Jimtown Road, Lewes, Delaware 19958**, titled in the name of CLIFTON H. GIBBS, situate in Sussex County, parcel identification 334-11.00-36.00, and more particularly described in Sussex County Clerk's Office in Book 1562, page 275, as "All that certain tract, piece, and parcel of land situate, lying and being in 'Jimtown,' in Lewes and Rehoboth Hundred, Sussex County, Delaware, adjoining lands now or formerly of Jerry Hargis, lands now or formerly of William D. Norwood, and said to contain one-half acre of land, more or less. Being the same lands and premises conveyed to Perry Reese by deed of Martha Reese, of record in the Office of the Recorder of Deeds, Georgetown, Delaware in Deed Book 684, page 209."

(b) The premises and real property with buildings, appurtenances, and improvements at **32295 Jimtown Road, Lewes, Delaware 19958**, titled in the names of CLIFTON H. GIBBS and JOSEPH GIBBS, situate in Sussex County, parcel identification 334-11.00-37.00, and more particularly described in Sussex County Clerk's Office in Book 03109, page 317, as: "All That certain tract or parcel of land lying and being in Lewes and Rehoboth Hundred, Sussex County, Delaware, more particularly described as follows: Beginning at an iron pipe set in the northeastern right of way line for county Road 285 A, a corner for this lot and a lot currently being conveyed to Crnia Kemp, thence along and with the aforesaid right of way line North 42 degrees 36 minutes West 78.7 feet to an iron pipe which is a corner for this lot and for lands of Elwood Norwood, thence along and with a line of the Elwood Norwood lands North 50 degrees 19 minutes East 93.7 feet to an iron pipe which is a corner for this lot of the Kemp lot South 51 degrees 10 minutes West 88/9 feet to the place of beginning, containing 7241 square feet, more or less; being the same land conveyed unto the said Milton Tull and Auntonette Tulle in Deed Book 541, at page 5 in the Office for Recorder of Deeds, for Sussex County, Delaware. Less and except any road right of ways of record. Being the same lands and premises which were conveyed unto Oliver and Rehelen Adams by deed dated the 15th day of March, 1978 and recorded in deed book 1247 page 125 of the Office for the Recording of Deeds of Sussex County, Delaware, and the said Oliver Adams died, intestate, on March 8, 1999, he was proceeded in death by his wife, Rehelen Adams, who died on March 16, 2004 and all their interest in the above described property passed to their son and only living heir, Robert Davis Parker."

Indictment, page 11

(c) The premises and real property with buildings, appurtenances, and improvements at **28668 Dusty Road, Milton, Delaware 19968**, titled in the name of JOSEPH C. GIBBS, situate in Sussex County, parcel identification 234-5.00-2.08, and more particularly described in Sussex County Clerk's Office property records as "Lot 1," having been revised in parcel size in or around December 2005 in relation to parcel identification 234-5.00-2.10, and previously described in Book 03109, page 319, as: "All That certain lot, piece and parcel of land, situate, lying and being in Indian River Hundred, Sussex County, Delaware and more particularly described as follows to wit: Beginning at an iron pipe situate on the southeasterly side of a 50 foot proposed road, being a corner for these lands and lands now or formerly of Barbara Wright; thence with lands to be conveyed to Barbara Wright South 46 degrees 52 minutes 49 seconds East a distance of 614.63 feet to an iron pipe; thence in part with lands now or formerly of John W. Wright and lands now or formerly of Christina F. Mitchell South 43 degrees 57 minutes 19 seconds West a distance of 85.73 feet to a point; thence North 45 degrees 3 minutes 5 seconds West 100.00 feet to a concrete marker; thence South 43 degrees 57 minutes 19 seconds West a distance of 50 feet to a concrete marker; thence South 45 degrees 03 minutes 05 seconds East a distance of 100.00 feet to a point; thence with lands now or formerly of Willie Melton heirs South 43 degrees 57 minutes 19 seconds West 50.00 feet to a point being a corner for lands now or formerly of Willie Melton and lands now or formerly of Robert A. Perry; thence with lands now or formerly of Robert A. Perry North 45 degrees 03 minutes 05 seconds West 200.00 feet to a concrete monument; thence South 41 degrees 50 minutes 59 seconds West 113.34 feet to an iron pipe, being a corner for these lands, lands now or formerly of Robert A. Perry and lands now or formerly of Raymond Harmon; thence with said Harmon lands North 46 degrees 52 minutes 49 seconds West a distance of 414.54 feet to an iron pipe situate on the southeasterly side of a 50 foot proposed road; thence with proposed road North 43 degrees 07 minutes 11 seconds East a distance of 292.64 feet back to the iron pipe marking the place of Beginning, said to contain 3.5 acres of land more or less, as shown on a plot prepared from a survey made by J.J. McCann, Registered Surveyor. Being the same property conveyed to the Grantor by Quit-Claim deed dated March 22 2004, of record in the office of the Recorder of Deeds, in and for Sussex County, at Georgetown, Delaware, in deed book 02956 page 212, described as 2 acres of land, more or less, not to include 1.5 acres of land, more or less, as owned by THOMAS GIBBS, of 411 Dupont Avenue, Lewes, Delaware, 19958."

(d) The premises and real property with buildings, appurtenances, and improvements at **28687 Dusty Road, Milton, Delaware 19968**, titled in the name of THOMAS E. GIBBS, situate in Sussex County, parcel identification

Indictment, page 12

234-5.00-2.10, and more particularly described in Sussex County Clerk's Office property records as "Lot 2," having been split from parcel identification 234-5.00-2.08 in or around December 2005, and previously described in Book 02372, page 39, as: "All that certain lot, pierce and parcel of land, situate lying and being in Indian River Hundred, Sussex County, Delaware and more particularly described as follows, to wit: Beginning at an iron pipe found on the southeasterly side of a 50 foot proposed road; being a corner for these lands and lands now or formerly of Barbara Wright; thence along the southeasterly side of said proposed road South 43° 07' 11" West along the southeasterly side of said proposed road a distance of 132.54 feet to a set iron pipe; thence South 46° 52' 49" East along these lands and lands conveyed to Gwyn Ann Long on December 23, 1997 a distance of 512.70 feet to an iron pipe; thence South 45° 03' 05" East along the same division line to a point, a corner for these lands, lands now or formerly of H. Piper, D. Bailey and W. Melton; thence South 43° 57' 19" West a distance of 50.00 feet to a point, a corner for these lands and lands now or formerly of W. Melton and R. Perry; thence North 45° 03' 05" West a distance of 200.00 feet to a concrete monument; thence South 41° 50' 59" West a distance of 113.34 feet to an iron pipe; thence North 46° 52' 49" West a distance of 414.54 feet to an iron pipe in the southeasterly edge of said proposed road; thence North 43° 07' 11" East along southeasterly edge of the 50 foot proposed road a distance of 160.10 feet to an iron pipe, the point and place of beginning. Said to contain 1.74 acres of land, more or less, designated as Lot 2 on a survey prepared McCann, Inc., dated June 4, 1992. Being a part of the same lands conveyed to Clifton Gibbs and Thomas E. Gibbs by deed of Tyrone T. Harmon and Helena C. Harmon, his wife dated May 22, 1991 and of record in the Office of the Recorder of Deeds, in and for Sussex County in Deed Book 1783, page 222. The said Clifton Gibbs quitclaimed his interest in the real estate to Gwyn Ann Long by Quitclaim Deed dated December 26, 1997 of record in the Office of the Recorder of Deed, in and for Sussex County in Deed Book 226, page 312.

(e) The premises and real property with buildings, appurtenances, and improvements at 37162 Burton Avenue, Rehoboth Beach, Delaware 19971, titled in the names of CLIFTON GIBBS and JOSEPH GIBBS, situate in Sussex County, parcel identification 334-13.19-11.00/334-13.19-11.01, and more particularly described in Sussex County Clerk's Office in Book 02837, page 244 and 246 as: "that certain tract, piece or parcel of land known as 125 Burton Street, West Rehoboth, Delaware comprising of Lot 15 and Lot 16 as shown on the Tax Map of Rehoboth Beach, Delaware, and being more particularly described in Exhibit 'A', attached hereto and made a part hereof, together with all improvements located thereon.

Indictment, page 13

Being the same lands and premises which were conveyed unto William James, Jr, by deed of Ruth James, dated August 30, 1974 and recorded in Deed Book 37, Page 727 of the Office for the Recording of Deeds of Sussex County, Delaware and the said William James, Jr. died intestate on February 28, 1990 at West Rehoboth, Delaware, and all his interest in the above described property passed to his wife Glady James as a life estate pursuant to 12 Del.C. @ 502.

    (1) Tract No. 1: Parcel of land and remainder, situate and lying and being in Lewes and Rehoboth Hundred, Sussex County, Delaware, Fronting on Burton Avenue and designated as lot number fifteen (15) upon a certain subdivision laid out by Charles W. Mills as 'West Rehoboth' according to a plot thereof prepared by Edgar L. Mustard, civil engineer and surveyor, November 26, 1947 and now of record in the office of the recorder of deeds, in and for Sussex County at Georgetown, Delaware, in plot book No. 2, Page 3, as reference thereto being had with more fully at large appear; and

    (2) Tract No. 2: All that certain piece and parcel of land and remainder interest, situate and lying and being in Lewes and Rehoboth Hundred, Sussex County, Delaware, fronting on Burton Avenue, and designated as lot No. sixteen (16) upon a certain subdivision laid out by Charles W. Mills as 'West Rehoboth' according to a plot thereto prepared by Edgar L. Mustard, civil engineer and surveyor, November 26, 1947, and now of record in the office of the recorder of deeds, in and for Sussex County, at Georgetown, Delaware in plot book No. 2, page 3, as reference thereto being had more fully at large appear."

(f) The premises and real property with buildings, appurtenances, and improvements at 17659 Stingey Lane, Lewes, Delaware 19958, titled in the name of COURTNEY GIBBS, situate in Sussex County, parcel identification 334-5.00-195.00, and more particularly described in Sussex County Clerk's Office in Book 4823, pages 47 and 48 as: "All that certain tract, lot, piece, and parcel of land, situate, lying, and being in Sussex County, State of Delaware; All that certain tract, lot, piece, and parcel of land, situate, lying and being in the village of Bell Town, Sussex County, Delaware, bounded and described as follows, to-wit: Fronting on a by-road leading from Five Points – Millsboro Road to the Five Points – Georgetown Road along the line of lands now or formerly of John Wilson of E, at a corner for the lot of land now or formerly of Orange Johnson, and running northwesterly with said by road a distance of 116 ½ feet to the corner of a lot now or formerly of Harriett Maull; thence easterly along and with line of lands now or formerly of Harriett Maull, a

Indictment, page 14

distance of about 89 feet to a corner for this lot; thence running in a southerly direction a distance of 119 feet to lines of lands now or formerly of Hetty J. Williams; thence running southwesterly with said Hetty Williams' and Orange Johnson's line a distance of about 82 feet to the place of beginning, and known as the Hannah Stockley Homestead, with all improvements thereon. Being the same land conveyed unto Gloria G. Reid, also known as Gloria G. Holland, a married name, by Will of William Burton who died testate on December 9, 1984. Pursuant to his last Will and Testament, filed with the Register of Wills, Georgetown, Delaware in Will Book 140, page 163 and referred to as Gloria G. Reed in the Will, who are all the same person. Said lands; Being the same land conveyed unto William R. Burton by Deed of Levata W. Glenn, dated June 27, 1984, in the Office of the Recorder of Deeds, in and for, Sussex County, Delaware in Deed book 1271, page 260."

The United States further notifies Defendants GIBBS and WATERS that, upon their conviction of one or more of the offenses in violation of 18 U.S.C. § 2421, as charged in Counts Sixteen and Seventeen, the United States will seek forfeiture in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 2428(a), and 28 U.S.C. § 2461(c), of:

    (a) any property, real or personal, that was used or intended to be used to commit or facilitate the commission of such offenses, and any property traceable to such property; and

    (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, and any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third person;

Indictment, page 15

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be

subdivided without difficulty,

the United States intends to forfeit substitute property pursuant to 21 U.S.C. §

853(p), as incorporated by 28 U.S.C. § 2461(c).


A TRUE BILL.


FOREPERSON


UNITED STATES ATTORNEY
DAVID C. WEISS

BRIANA KNOX
Assistant United States Attorney


REBEKAH J. BAILEY
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
State Bar of Texas, Bar Card No. 24079833


Indictment, page 16

CAYLEE E. CAMPBELL
Trial Attorney
U.S. Department of Justice, Criminal Division
Money Laundering & Asset Recovery Section


Dated: April 13, 2023

I, _____ having been
presented with a copy of the Indictment,
upon arraignment, I do hereby enter a plea
of _____guilty to the Indictment filed in
this case.
Dated this_____ day of_____, 20___

_____
Deft.

_____
Cnsl.

I, _____ having been
presented with a copy of the Indictment,
upon arraignment, I do hereby enter a plea
of _____guilty to the Indictment filed in
this case.
Dated this_____ day of_____, 20___

_____
Deft.

_____
Cnsl.