IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 23-00035 (MN) |
| | ) |
| CLIFTON GIBBS and BROOKE WATERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Kristen Clarke, David Weiss, Briana Knox, Julie Pfluger, Rebekah Bailey, Caylee Campbell, U.S. Department of Justice, Wilmington, DE, Madison, WI, and Washington, DC– Attorneys for Plaintiff

Clifton Gibbs, Philadelphia, PA – *Pro Se* Defendant

Margaret M. Grasso, Law Office of Margaret M. Grasso, Philadelphia, PA – Standby Counsel for Defendant Clifton Gibbs

March 20, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court are the motions of *pro se* Defendant Clifton Gibbs ("Gibbs") to dismiss Counts 1-7 (D.I. 80) and Counts 1-8 (D.I. 83) of the Government's Indictment ("Indictment") (D.I. 3) against him, his request at the February 23, 2024 hearing ("the February 23 hearing") for dismissal of most of the government's 18 U.S.C. § 2 charges, (D.I. 108 at 5:4-11:17), his request for sanctions against the attorneys in this case (D.I. 91 at 9-12), and his requests for modification or repeal of this case's previous protective order (D.I. 90 at 7; D.I. 91 at 4, 8-9). Also before the Court is the government's request to redact certain items in Gibbs' filings (D.I. 94 at 4-5), and motions for a no-contact order (D.I. 68) and temporary amendments to the previous protective order in this case (D.I. 70). For the reasons set forth below, the Court DENIES the motions concerning Counts 1-7 and 1-8, and DENIES AS MOOT the motions regarding the no-contact order and previous protective order. It DEFERS ruling on Gibbs's request to dismiss the § 2 charges until a motion for dismissal has been filed and fully briefed. Finally, the Court GRANTS the government's request for redaction.

**I.     BACKGROUND**

The Government filed its Indictment against Gibbs and Brooke Waters ("Waters") on April 3, 2023. (D.I. 3 at 17). It alleges that Gibbs and Waters trafficked thirteen individuals between April 2014 and December 2020, giving rise to the following charges against both Defendants: nine counts of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) 1594(a) and 2 (D.I. 3 at 1-6); and six counts of forced labor, in violation of 18 U.S.C. §§ 1589, 1594(a) and 2. (D.I. 3 at 6-9). The Indictment also individually charges Gibbs and Waters with one count each of interstate transportation for the purposes of prostitution in violation of 18 U.S.C. § 2421(a). (D.I. 3 at 9-10). Gibbs has pleaded not guilty to all counts. (D.I. 3-8 at 1). Waters has pleaded guilty to Counts 5 (sex trafficking Victim 5 by force, fraud, or

coercion), 13 (forced labor by Victim 12), and 16 (interstate transportation of Victims 5 and 6 for the purposes of prostitution) (D.I. 3 at 5, 8, 9-10; D.I. 3-8 at 1).

On December 21, 2023, Gibbs filed a motion ("the December 21 motion") to dismiss Counts 1-7 of the Indictment – all charges of sex trafficking by force, fraud, or coercion that allegedly took place between April 2014 and January 2016. (D.I. 3 at 1-5). Gibbs argues that these counts are barred by the 5-year statute of limitations set out in 18 U.S.C. § 3282. (D.I. 80 at 1-2). The December 21 motion also includes a "Request for Bill of Particulars," and argues that such a bill is "absolutely needed to prepare Movant to meet the burden of the governments [sic] case." (D.I. 80 at 3-4).

On December 26, 2023, Gibbs filed a separate motion ("the December 26 motion") to dismiss Counts 1-8 of the Indictment – all charges of sex trafficking by force, fraud, or coercion between April 2014 and June 2018. (D.I. 3 at 1-5). Each of these counts alleges a violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1), 1594(a) and 2. (D.I. 3 at 1-5). Gibbs writes in this motion that 18 U.S.C. §§ 1591(a)(1) and (b)(1) "may be prosecuted at any time, without prejudice," (D.I. 83 at 3), but that 18 U.S.C. §§ 1594(a) and 2 fall under 18 U.S.C. § 3282's five-year statute of limitations, and that these charges are therefore time-barred (D.I. 83 at 2). Both motions have been fully briefed. (D.I. 88).[1] The Court held the February 23 hearing to address the various motions and requests then pending in the case. (D.I. 108).

The parties have also submitted several filings seeking a no-contact order and modification or repeal of the protective order issued in this case on May 12, 2023. (D.I. 68; D.I. 70; D.I. 90 at

---

[1] The Government filed a Response to both motions on January 11, 2024. (D.I. 88). As stated in the Minute Entry for the December 21, 2023 Status Conference, Gibbs then had 14 days to file a reply. This deadline elapsed on January 25, 2024 without a reply from Gibbs.

1

7; D.I. 91 at 4, 8-9). These requests were mooted by the Amended Protective Order entered by this Court on March 4, 2024. (D.I. 111).

## II. DISCUSSION

### A. Neither the 18 U.S.C. § 1591 Charges nor the 18 U.S.C. § 2 Charges Included in the Challenged Counts are Time-Barred

"Except where otherwise expressly provided by law," 18 U.S.C. § 3282(a) imposes a five-year statute of limitations on federal crimes. Gibbs argues that this statute of limitations bars Counts 1-7, (D.I. 80 at 1-2), or at least the charges of violating 18 U.S.C. §§ 1594(a) and 2 contained in Counts 1-8. (D.I. 83 at 1-3).

Since Gibbs filed these two motions, the Court has granted the Government's motion to dismiss the charges of violating 18 U.S.C. § 1594(a). (D.I. 108 at 3:8-4:4). As to the charges pursuant to 18 U.S.C. §§ 1591(a)(1) and (b)(1), the government correctly points out, (D.I. 88 at 2), and Gibbs acknowledges in the December 26 motion, (D.I. 83 at 3), that Congress has repealed the statute of limitations for § 1591 violations. *See* 18 U.S.C. § 3299 ("Notwithstanding any other law, an indictment may be found or an information instituted at any time without limitation for any offense under . . . section 1591"). The § 1591 charges brought against Gibbs are therefore not time-barred and his motion to dismiss those charges will be denied.

Gibbs's argument that the 18 U.S.C. § 2 charges are time-barred (D.I. 80 at 1-2; D.I. 83 at 2-3) also fails. Under this statute, "whoever commits an offense against the United States or aids [or] abets . . . its commission," or who "willfully causes" an offense against the United States to be committed, is punishable as a principal. 18 U.S.C. §§ 2(a)-(b). Absent statutory instructions to the contrary, courts typically apply a given crime's statute of limitations to any associated 18 U.S.C. § 2 charges. In the Third Circuit case *U.S. v. Curran*, for instance, a defendant appealed his convictions for causing false statements to be submitted in violation of 18 U.S.C. § 1001 and

§ 2(b) and conspiring to do so in violation of § 371. *U.S. v. Curran*, 20 F.3d 560, 563 (3d Cir. 1994). The Third Circuit observed that "Section 1001 . . . is governed by the five-year statute of limitations" of 18 U.S.C. § 1832 and rejected the defendant's argument for another provision's shorter statute of limitations after finding no evidence that the other provision "was intended to preempt the general criminal provisions under 18 U.S.C. §§ 2(b), 371, or 1001." *Id*. at 563-66. *See also U.S. v. Campbell*, 426 F.2d 547, 553 (2d Cir. 1970) (applying substantive offense's statute of limitations to individual charged with aiding and abetting that offense); *U.S. v. Gressett*, 773 F. Supp. 270, 281 (D. Kan. 1991) ("the applicable statute of limitations for the offense of aiding and abetting under 18 U.S.C. § 2 is the statute for the substantive offense charged.").[2] As a charge under 18 U.S.C. § 2 falls under whatever statute of limitations governs the related substantive charge, it follows that where, as here, Congress has repealed the statute of limitations for an offense, 18 U.S.C. § 2 charges for aiding and abetting that offense are not time-barred. Accordingly, the Court will also deny the motion to dismiss the indictment with respect to the 18 U.S.C. § 2 counts.

      B.      <u>**Gibbs is Not Entitled to a Bill of Particulars**</u>

The December 21 motion also requests a bill of particulars, arguing that "the Indictment tracks the language of the statute, in very broad time frames containing no alleged overt acts, and no alleged victim names or information." (D.I. 80 at 3). "Whether to grant a bill of particulars lies in the discretion of the trial court," and a trial court abuses that discretion when "denying

---

[2]    At the February 23 hearing, Gibbs cited the Supreme Court's decision in *Carter v. U.S.*, 530 U.S. 255 (2000), to argue that the 18 U.S.C. § 2 crime of "aiding and abetting" incorporates an older common-law understanding that an accessory to a crime should suffer the same punishment as that crime's principal. (D.I. 108 at 6:6-7:13). Assuming without deciding that *Carter* requires this reading of the statutory text, the Court still sees no reason to break with the Third Circuit practice of applying a substantive charge's statute of limitations to an 18 U.S.C. § 2 violation.

3

[defendants'] requested bill prevent[s] them from developing a meaningful defense against surprise evidence." *U.S. v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991) (citing *U.S. v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975)). In the Third Circuit, "an indictment charging a statutory crime is sufficient [for a district court to deny a request for a bill of particulars] if it substantially follows the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger the constitutional guarantee against double jeopardy." *Eufrasio*, 935 F.2d at 575. An indictment meets this standard when it tracks the language of the crime charged by specifying the time period of the alleged offense, its victims, objectives and extortionate means. *Id.*

Here, each of the Indictment's challenged counts closely tracks the language of the main statutory provision at issue, 18 U.S.C. 1591(a). (D.I. 3 at 1-5). Each count alleges that Gibbs took specific actions banned by this statute, in furtherance of the goal it prohibits – *i.e.*, that he "knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means" each alleged victim, "knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause [each victim] to engage in a commercial sex act." (D.I. 3 at 1-5). Each count also includes the months when the alleged conduct began and ended. (D.I. 3 at 1-5). Although the indictment itself does not name the alleged victims, (D.I. 3 at 1-5), the government gave Gibbs those individuals' names at the December 21, 2023 Status Conference (D.I. 103 at 44:22-45:10). Gibbs has therefore received sufficient information for this Court to deny his request for a bill of particulars.

    **C.**    **The Court Will Defer Ruling on Gibbs's Request for Dismissal of the 18 U.S.C. § 2 Charges**

Gibbs and Waters were jointly charged in Counts 1 through 15 of the Indictment. (D.I. 3 at 1-9). Among these Counts, Waters has pleaded guilty to Counts 5 (sex trafficking in violation

4

of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1594(a), and 2), and 13 (forced labor in violation of 18 U.S.C. §§ 1589, 1594(a), and 2). (D.I. 100 at 1).

At the February 23 hearing, Gibbs and his standby counsel argued that the 18 U.S.C. § 2 charges in the remaining counts, for which Waters did not plead guilty, should be dismissed. (D.I. 108 at 7:14-11:13). They maintained that for these counts, Waters is likely to claim that she was merely an accomplice. (D.I. 108 at 9:8-10:2). In their view, this would leave Gibbs as the sole principal, and he cannot be charged under 18 U.S.C. § 2 for aiding and abetting a substantive crime that he also completed as its principal. (D.I. 108 at 9:8-10:2).

As discussed at the February 23 hearing, (D.I. 108 at 11:19-11:22), the Court will defer ruling on this argument until Gibbs files a motion to dismiss these charges pursuant to Fed. Rule Crim. Proc. 12, and that motion has been fully briefed.[3][4]

### D. The Court Cannot Grant Gibbs's Request for Sanctions

One of Gibbs's filings asks the Court to sanction both his former defense attorney and the prosecutor in this case, alleging that he was misled with respect to the May 12 protective order. (D.I. 91 at 9-12). The government has responded with evidence that Gibbs was not misled and always knew about the order's existence. (D.I. 94 at 2-4).

The Court need not weigh this evidence, as Gibbs's failure to specify his requested sanctions requires the Court to deny his request. As Gibbs notes, (D.I. 91 at 12), the Supreme Court has held that a court may sometimes impose sanctions pursuant to its "inherent powers."

---

[3] After the February 23 hearing, Gibbs submitted via his standby counsel two additional cases that he says support his arguments for dismissal: *Morissette v. U.S.*, 342 U.S. 246 (1952), and *U.S. v. Stevens*, 70 F.4th 653 (3d Cir. 2023) (D.I. 107). The Court will refrain from deciding how, if at all, either ruling bears on the present case until Gibbs files a motion to dismiss explaining why he thinks his charges warrant dismissal.

[4] As of the date of this Opinion, neither of Gibbs's two most recent motions to dismiss, (D.I. 117; D.I. 122), have been fully briefed.

*Chambers v. NASCO, Inc.*, 501 U.S. 32 at 44-45 (1991). Whether a court may do so, however, depends upon both the situation and the type of sanctions sought. *See id*. at 45-46 (listing several specific situations where certain sanctions were found permissible because of a court's inherent powers). *See also U.S. v. Wright*, 913 F.3d 364, 371 (3d Cir. 2019) (test for whether a court may use inherent powers to dismiss an indictment); *U.S. v. Morris*, 259 F.3d 894, 901 (7th Cir. 2001) (different criteria for determining when a court may use its inherent powers to grant no-contact orders). Nowhere does Gibbs specify the sanctions he would like the Court to impose for the attorneys' alleged wrongdoing. (D.I. 91 at 9-14). The Court therefore lacks sufficient information to consider his request.

### E. The Court Will Replace Gibbs's Filings at D.I. 90, 91, and 92 With the Government's Proposed Redacted Versions

Gibbs's two responses to the government's motion for a no-contact order, (D.I. 90, 91), and his attached exhibits, (D.I. 92) as well as at least one other subsequent filing (D.I. 112), include some unredacted names of alleged victims and witnesses. The government's reply asks the Court to redact this information. (D.I. 94 at 4-5). This Court has already recognized that alleged victims' and witnesses' names must be redacted. Both the previous and current protective orders in this case prohibit publicly sharing the identities of alleged victims or witnesses. (D.I. 15 at 4; D.I. 111 at 5). Pursuant to this Court's authority to order redaction of information for good cause, Fed. Rule Crim. Proc. 49.1(e)(1), Gibbs's two responses to the government's motion for a no-contact order, (D.I. 90, 91), his attached exhibits (D.I. 92), and his subsequent filing (D.I. 112), have been replaced with versions in which the names of alleged victims and witnesses are redacted. Gibbs is further reminded that, even as a *pro se* litigant, he must redact these names in his filings and abide by all other terms of this Court's protective order. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* litigants "must abide by the same rules that apply to all other litigants"). As the

Court informed Gibbs at the March 18, 2024 hearing, continued use of names in filings will result in those filings not being docketed or acted upon.

  **F.**  **Gibbs Comments**

The Court reminds Gibbs that at the February 23, 2024, he was warned against making statements in any of his communications that could be perceived as threatening the prosecutor in this case. (D.I. 108 at 40:1-41:4).

**III.**  **CONCLUSION**

For the reasons stated, the Court will deny Gibbs's December 21, 2023 motion to dismiss Counts 1-7 (D.I. 80), his request a bill of particulars (D.I. 80 at 3-4) and his December 26, 2023 motion to dismiss Counts 1-8 and (D.I. 83), and his requests for a bill of particulars (D.I. 80 at 3-4) and sanctions (D.I. 91 at 9-12). The Court will defer ruling on Gibbs' more request for dismissal of the 18 U.S.C. § 2 charges pending against him (D.I. 108 at 7:14-11:13) and grant the government's request for redaction (D.I. 94 at 4-5). It will deny as moot the parties' requests to repeal and/or modify the previous protective order in this case, (D.I. 70; D.I. 90 at 7; D.I. 91 at 4, 8-9), and the government's motion for a no-contact order (D.I. 68). An appropriate order will be entered.