IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-00035 (MN) |
| | ) |
| CLIFTON GIBBS and BROOKE WATERS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Kristen Clarke, David Weiss, Briana Knox, Julie Pfluger, Caylee Campbell, U.S. Department of Justice, Wilmington, DE, Madison, WI, and Washington, DC– Attorneys for Plaintiff

Clifton Gibbs, Philadelphia, PA – *Pro Se* Defendant

Margaret M. Grasso, Law Office of Margaret M. Grasso, Philadelphia, PA – Standby Counsel for Defendant Clifton Gibbs

May 7, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Presently before the Court are the requests of *pro se* Defendant Clifton Gibbs ("Gibbs") for a paralegal, and to depose Delaware State Police Trooper Pat Jackson ("Jackson") and Homeland Security Investigations Special Agents Mark Medina ("Medina") and Cara Rose ("Rose"). (D.I. 118). For the reasons set forth below, the Court DENIES Gibbs' requests.

**I.    BACKGROUND**

The government filed its Indictment against Gibbs and Brooke Waters ("Waters") on April 3, 2023. (D.I. 3 at 17). It alleges that Gibbs and Waters trafficked thirteen individuals between April 2014 and December 2020, giving rise to the following charges against both Defendants: nine counts of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) 1594(a) and 2 (D.I. 3 at 1-6); and six counts of forced labor, in violation of 18 U.S.C. §§ 1589, 1594(a) and 2 (D.I. 3 at 6-9). The Indictment also individually charges Gibbs and Waters with one count each of interstate transportation for the purposes of prostitution in violation of 18 U.S.C. § 2421(a). (D.I. 3 at 9-10). Gibbs has pleaded not guilty to all counts. (D.I. 3-8 at 1). Waters has pleaded guilty to Counts 5 (sex trafficking Victim 5 by force, fraud, or coercion), 13 (forced labor by Victim 12), and 16 (interstate transportation of Victims 5 and 6 for the purposes of prostitution). (D.I. 3 at 5, 8, 9-10; D.I. 3-8 at 1).[1]

On March 13, 2024, Gibbs wrote to the Court requesting "permission to depose the alleged victims/witnesses to include Cara Rose, Pat Jackson, and SA Medina. I am also requesting approval of a paralegal." (D.I. 118). On March 20, the government filed a letter responding to Gibbs' deposition requests. (D.I. 130). Gibbs has not submitted a reply.

---

[1]    The 18 U.S.C. § 1594(a) charges have since been dismissed. (D.I. 108 at 3:8-4:4).

1

## II.   DISCUSSION

### A.   Gibbs' Request to Depose Named Individuals

Depositions are "disfavored" in criminal matters under Third Circuit precedent. *U.S. v. Ismaili*, 828 F.2d 153, 159 (3d Cir. 1987). Rule 15(a)(1) of the Federal Rules of Criminal Procedure states that a party in a criminal case "may move that a prospective witness be deposed in order to preserve testimony for trial. The court *may* grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1) (emphasis added). "The burden of proof as to a Rule 15(a) motion rests with the movant, who must demonstrate the necessity for preserving a prospective witness' testimony by deposition. And in assessing a Rule 15 motion, 'considerations of materiality (of the testimony) and unavailability (of the witnesses) remain critical.'" *Matter of Grand Jury Proc. [Redacted]*, 377 F. Supp. 3d 439, 443 (D. Del. 2018) (quoting and citing *Ismaili*, 828 F.2d at 159) (internal citations omitted).

Once a district court decides that a deposition is not warranted, that decision is reviewable for abuse of discretion. *Ismaili*, 828 F.2d at 159. The Third Circuit has found that "it is difficult to conceive of a district court abusing its discretion by denying a Rule 15(a) motion where the movant has not established both the materiality of the testimony and the unavailability of the witness." *Id.*

Gibbs has given no indication that any of his requested deponents – Medina, Jackson and Rose – will be unavailable at trial. (D.I. 118). The government's omnibus *motion in limine* indicated, and its response to the instant request reiterated, that Rose and Medina would be available at trial. (D.I. 113 at 12; D.I. 130 at 2). Gibbs' request gave the Court no reason to doubt that either agent would be present. (D.I. 118). The government also points out – and this Court agrees, based on Gibbs' request – that Gibbs "has made no showing that Trooper Jackson is likely to be beyond subpoena power or otherwise unavailable at the time of trial." (D.I. 130 at 2).

2

Because Gibbs has not met his burden to show that any of his requested deponents would be unavailable, and because depositions are "disfavored" in criminal cases, *Ismaili*, 828 F.2d at 159, the Court will deny his request.

### B. Gibbs' Request For A Paralegal

In the same letter, Gibbs requested "approval of a paralegal." (D.I. 118). This request will be denied. A paralegal is a professional qualified by training or experience to work for a lawyer. In proceeding *pro se*, Gibbs has chosen not to have a lawyer work on his behalf. Indeed, when Gibbs sought this Court's permission to proceed *pro se*, the Court warned him that his "access to investigators and other individuals who might assist with [his] defense might be limited." (D.I. 103 at 36:22-36:24). Gibbs confirmed that he understood this risk, and nonetheless opted to represent himself. (D.I. 103 at 36:24, 43:11). The Court will not alter this arrangement by providing Gibbs with funds to hire a paralegal who would work for him, rather than for court-appointed standby counsel or another lawyer who has not been retained in this case. To the extent appropriate, however, Gibbs may ask standby counsel to provide more assistance in reviewing discovery or preparing his defense. *See* D.I. 89, 104 (approving previous CJA requests by standby counsel).

### III. CONCLUSION

For the foregoing reasons, Gibbs' request to depose Medina, Rose, and Jackson, and his request for a paralegal, are DENIED. An appropriate order will be entered.