IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 23-35-1 (MN) |
| CLIFTON GIBBS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 16th day of April 2025:

On March 13, 2025, the Court denied Defendant's Motions to Dismiss the Indictment ("the March 13 Order").  *See United States v. Gibbs*, No. 23-35 (MN), 2025 WL 815207, at *1 (D. Del. Mar. 13, 2025).  On March 26, Defendant filed a Motion for Reconsideration of that Order.  (D.I. 189).  On April 8, the Government filed its opposition.  (D.I. 200).  On April 15, Defendant filed his reply.  (D.I. 207).

Separately, on April 2, 2025, Defendant filed a Motion to Continue the trial set in this case for May 5, 2025.  (D.I. 197).  That same day, the Government opposed the motion.  (D.I. 198).  On April 10, the parties argued the motion at a hearing before the Court.

For the reasons set forth below, IT IS HEREBY ORDERED that Defendant's Motions for Reconsideration and to Continue are DENIED.

## I.    MOTION FOR RECONSIDERATION

"[M]otions for reconsideration may be filed in criminal cases."  *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003).  This Court has evaluated such motions under the rubric of Local Rule 7.1.5, "Motions for reargument."  *See, e.g.*, *United States v. Nasir*, No. 16-15 (LPS), 2018 WL 2247217, at *2 (D. Del. May 16, 2018), *aff'd*, 982 F.3d 144 (3d Cir. 2020), *judgment vacated on other grounds*, 142 S. Ct. 56 (2021) (mem.); *United States v. Lopez*, No. 10-67 (GMS),

2014 WL 7149187, at *1 (D. Del. Dec. 15, 2014).  A motion for reconsideration or reargument is the "functional equivalent" of a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990).

"The standard for obtaining relief under Rule 59(e) is difficult to meet."  *Butamax Advanced Biofuels LLC v. Gevo Inc.*, No. 12-1036 (SLR), 2015 WL 4919975, at *1 (D. Del. Aug. 18, 2015).  "[M]otions for reconsideration or reargument are to be granted 'sparingly.'"  *Lopez*, 2014 WL 7149187, at *2 (quoting D. Del. LR 7.1.5).  A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted.  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Here, the rationale Defendant offers for reconsideration of the March 13 Order is that the Court made a "clear error of law" in declining to dismiss the Indictment against him.  (D.I. 189 at 3; D.I. 207 at 1-2).  He argues this error is manifest in two ways.  First, he claims (again) that the Indictment is deficient because it does not provide enough factual detail.  (D.I. 189 at 3-4).  And, second, Defendant asserts that Counts 1 through 9 operate "as an *ex post facto*" law in violation of his Fifth Amendment right to due process.  (D.I. 207 at 1-2).

As to sufficiency of the indictment, Defendant concedes that the "indictment tracks the language of the applicable statutes," but argues that "it is not supplemented by specific allegations of the activity giving rise to the charge."  (*Id.* at 3-4).  In other words, he says, the Indictment "is insufficient because it lacks specific details."  (*Id.*).  That contention rehashes the arguments made and rejected in the March 13 Order.  There, the Court addressed Defendant's specificity argument multiple times, finding that "the Indictment is valid" because it "lists each required element of

2

each count charged, along with a general timeframe or specific date, general location, and unique anonymized identifier for each alleged victim." 2025 WL 815207, at *3-4. That ruling was made in reliance upon long-standing Third Circuit precedent. *See, e.g.*, *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989); *United States v. Vitillo*, 490 F.3d 314, 324 (3d Cir. 2007). Thus, the Court finds that there was no error of law in the March 13 Order as to sufficiency.

Defendant's second argument is that the Court's sufficiency ruling amounts to an unconstitutional *ex post facto* application as to him. That is, according to Defendant, it criminalizes lawful conduct after the fact. (D.I. 207 at 2). The sex trafficking and forced labor statutes at issue here were passed in 2000. *See United States v. Marcus*, 560 U.S. 258, 260 (2010). The conduct charged in the Indictment is alleged to have occurred between 14 and 20 years later, from 2014 to 2020. (D.I. 3). Therefore, there is no *ex post facto* application as to Defendant – his alleged acts were unlawful the very moment he began perpetrating them.

Insofar as Defendant argues that the Court's March 13 Order constitutes "an unforeseeable judicial enlargement of a criminal statute" because Defendant did not "violate the statute as it was written," (D.I. 207 at 2-3 (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964)), that argument was also rejected in the March 13 Order. *See* 2025 WL 815207, at *4-7. The allegations here – that Defendant coerced the alleged victims to engage in prostitution for his benefit and under threat of serious harm – is the very conduct proscribed by the plain language of the sex trafficking and forced labor statutes. *See Burrell v. Staff*, 60 F.4th 25, 37 (3d Cir. 2023). Accordingly, the March 13 Order did nothing to enlarge the scope of those laws, and Defendant cannot claim a due process violation.

The motion for reconsideration is therefore denied. *See Inline Connection Corp. v. AOL Time Warner Inc.*, 347 F. Supp. 2d 56, 59 (D. Del. 2004) ("Reconsideration cannot be granted in

circumstances where the movant simply 'rehashes material and theories already briefed and decided.'").

## II.    <u>MOTION TO CONTINUE</u>

The trial in this case was originally set for May 2024.  At Defendant's request, it was rescheduled to May 5, 2025.  (D.I. 144).  Defendant has moved to continue the trial again.[1] (D.I. 197 at 1).  Defendant's motion is based on two discovery complaints:  (1) that he has not received "certain written discovery materials" from the Government, and (2) that a "discovery drive" previously provided by the Government is "corrupted," resulting in his inability to access the files contained on it.  (*Id.*).

The Government opposes a continuance on the basis that Defendant already has the discovery he seeks.  (D.I. 198 at 1-2).  Moreover, the Government correctly notes that Defendant has already been granted a one-year continuance, which moved the trial from May 2024 to May 2025.  (*Id.* at 2-3).  And, finally, the Government contends that further delaying the trial would waste significant resources, prejudice the Government, and deny the alleged victims in this case their "right to proceedings free from unreasonable delay," which risks reintroducing them to the trauma of having been (allegedly) trafficked by Defendant.  (*Id.* at 3); 18 U.S.C. § 3771(a)(7).

The Court agrees with the Government.  The trial has already been delayed to provide Defendant more time to review discovery.  (D.I. 144).  Defendant's counsel has the discovery he seeks and Defendant himself has all but the documents on one drive, which the Government

---

[1]    In his motion, Defendant did not specify the length of the continuance sought.  (D.I. 197 at 1).  At the April 10 hearing, he requested a 90-day continuance.

reproduced on April 14.[2]  And the Court finds that further delays do impose additional hardships on the testifying witnesses here.

Accordingly, Defendant's motion to continue the trial will be denied.

## III.    **CONCLUSION**

THEREFORE, for the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motions for Reconsideration (D.I. 189) and to Continue the Trial (D.I. 197) are DENIED.  Trial will begin on May 5, 2025.

_____
The Honorable Maryellen Noreika
United States District Judge

---

[2]    Because Defendant was not able to identify which one of the 13 malfunctioned, on April 14, the Government reproduced all 13 discovery drives it previously produced in this case.  (D.I. 206).