**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 23-35-CFC-1 |
| | ) | |
| CLIFTON GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM ORDER

I was assigned this case one hour before it went to trial on May 5, 2025 because the then-presiding judge had to attend to a family emergency. The trial lasted seven days. On the fifth and sixth days of the trial, Defendant Clifton Gibbs expressly acknowledged that he had received a fair trial. *See* D.I. 260 at 49:10–11 ("I like the way I'm getting a fair trial here."); D.I. 260 at 49:13–16 ("THE DEFENDANT: . . . I like the idea that I finally got a fair trial. THE COURT: Okay. THE DEFENDANT: I can say that."); D.I. 264 at 42:8–11 ("THE COURT: And I recall on Friday you talking about, and I think intelligently, that you had received a fair trial to date and that you have received -- THE DEFENDANT: I agree.").

The government accused Gibbs at trial of seven counts of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591, 1594, and 2; five

counts of forced labor in violation of 18 U.S.C. §§ 1589, 1594, and 2; and one count of interstate transportation for the purposes of prostitution in violation of 18 U.S.C. § 2421. At the conclusion of the government's case-in-chief, Gibbs's counsel moved for a judgment of acquittal on all counts under Federal Rule of Criminal Procedure 29. I denied the motion with respect to five counts and reserved decision with respect to the remaining eight counts.

On May 13, 2025, the jury found Gibbs guilty on all thirteen counts. At the request of Gibbs's trial counsel, I gave her until August 9, 2025 to file a brief in support of her Rule 29 motion. D.I. 248.

Although on the fifth day of trial at the prayer conference, Gibbs had described—accurately in my view—his counsel's trial performance as "great," D.I. 260 at 49, Gibbs accused her after the verdict of withholding documents from him and he told me in a letter dated July 15, 2025 that he was "unable to find the means to get [his trial counsel] to allow [him] to assist in [his] own defense" in violation of the Sixth Amendment. D.I. 251 at 1.

Because of these accusations, I held a hearing on August 6, 2025. Gibbs's trial counsel told me at the outset of the hearing that she had prepared a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 for Gibbs and that she had shared it with Gibbs but had not filed it with the Court because of Gibbs's July 15 letter. She also denied Gibbs's accusation that she had withheld

documents from Gibbs, and she said she did not think it would be appropriate to seek a new trial under Rule 33. Gibbs asked me at the hearing to appoint him a new attorney, but he failed to demonstrate good cause that he deserved one. (I also knew from reviewing the docket and speaking with the judge who had presided over the case before me that Gibbs had previously leveled false accusations against his trial counsel and against another lawyer who had represented him earlier in the case.) And so, I gave Gibbs a choice—proceed pro se or allow his trial counsel to continue to represent him. Gibbs asked to proceed pro se. And he insisted on doing so against my advice that he would be better served with his trial counsel representing him. Accordingly, after a colloquy to make sure Gibbs's waiver of counsel was knowing and voluntary, I allowed him to proceed pro se and gave him until October 24, 2025 to file any motions for judgment of acquittal and a new trial.

Gibbs proceeded to inundate the Court with voluminous filings. He filed four motions before he filed his 196-page motion for judgment of acquittal and a new trial on October 29, 2025. D.I. 276. And he has filed forty-five pleadings since then.

Six of those forty-five pleadings are motions for a judgment of acquittal and/or a new trial:

- (Second) Combined Motion for Judgment of Acquittal Under Rule 29 and Motion for New Trial Under Rule 33 (D.I. 294)

- Motion for Judg[]ment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29 or in the Alternative Motion to Dismiss the Indictment as to Liability Under 18 USC 2 (D.I. 306)

- Supplemental/Amended motion for New Trial Pursuant Fed. R. Crim. P. 33 (D.I. 307)

- Supplemental Motion for Judg[]ment of Acquittal (Rule 29) and for New Trial (Rule 33) (D.I. 333)

- Motion to Prevent Manifest Injustice (D.I. 334)

- Renewed Supplemental Motion for Judg[]ment of Acquittal Rule 29 (D.I. 336).

The earliest of these motions (D.I. 294) was filed on December 31, 2025—more than two months after the deadline I gave Gibbs to file Rule 29 and Rule 33 motions. None of the motions are based on newly discovered evidence.

The motions are untimely. *See* Fed. R. Crim. P. 29(c)(1) ("A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."); Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding

of guilty."). And Gibbs has not provided any justification for his delay, let alone a basis for me to find that his delay was the result of "excusable neglect" that would allow me to consider the motions under Rule 45(b)(1)(B).

NOW THEREFORE, at Wilmington on this Seventeenth Day of August in 2026, it is HEREBY ORDERED that Defendant's motions docketed as D.I. 294, D.I. 306, D.I. 307, D.I. 333, D.I. 334, and D.I. 336 are DENIED.

CHIEF JUDGE